IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NINA BENZ, | ) | |
| | ) | |
| | ) | CIVIL ACTION NO. |
| Plaintiff, | ) | 2:26-CV-735 |
| | ) | |
| v. | ) | COMPLAINT |
| | ) | |
| TRANS UNION, LLC, | ) | JURY TRIAL DEMANDED |
| and | ) | |
| EXPERIAN INFORMATION | ) | NON-ARBITRATION |
| SOLUTIONS, INC., | ) | |
| and | ) | |
| EQUIFAX INFORMATION | ) | |
| SERVICES LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**PRELIMINARY STATEMENT**

1. This is an action for damages brought by an individual consumer, Nina Benz, against Trans Union, LLC, Experian Information Solutions, Inc., and Equifax Information Services, LLC (collectively "Defendants") for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et seq.*

**JURISDICTION AND VENUE**

2. Jurisdiction of this Court arises under 15 U.S.C. § 1681p, 28 U.S.C. § 1331 and 28 U.S.C. § 1337.

3. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

**PARTIES**

4. Plaintiff Nina Benz is an adult individual residing in the state of Maryland.

5. Defendant Trans Union, LLC ("Trans Union"), is a credit reporting business which regularly conducts business in the Eastern District of Pennsylvania, and which has a principal place of business located at 1510 Chester Pike, Crum Lynne, PA 19022.

6. Defendant Experian Information Solutions, Inc. ("Experian") is a consumer reporting agency that regularly conducts business in the Eastern District of Pennsylvania, and which has a principal place of business located at 4 Gatehall Drive, 3rd Floor, Parsippany, NJ 07054.

7. Defendant Equifax Information Services LLC ("Equifax") is a consumer reporting agency that regularly conducts business in the Eastern District of Pennsylvania, and which has a principal place of business located at 1550 Peachtree Street, NE, Atlanta, GA 30309.

## FACTUAL ALLEGATIONS

8. Defendants have been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties ("inaccurate information") from at least October 2025 through to the present.

9. The inaccurate information includes, but is not limited to, a payment history for an account associated with Bank of America, N.A. (hereafter the "Fraudulent Charges").

10. At all times pertinent hereto, Plaintiff was not responsible for the Fraudulent Charges reported by Bank of America, N.A.

11. Instead, the Fraudulent Charges were made as a result of identity theft and fraud.

12. Plaintiff did not authorize or benefit from the Fraudulent Charges.

13. The inaccurate information negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's creditworthiness.

14. Defendants have been reporting the inaccurate information through the issuance of false and inaccurate credit information and consumer credit reports that they have disseminated to various persons and credit grantors, both known and unknown.

15. Defendants have repeatedly published and disseminated consumer reports to such third parties from at least October 2025 through the present.

16. Plaintiff has disputed the inaccurate information with Defendants from November 2025 through the present by following Defendants' established procedures for submitting disputes.

17. Plaintiff's disputes contained "Identify Theft Report[s]" as that term is defined by 15 U.S.C. § 1681a(q)(4), and used in, the FCRA.

18. Notwithstanding Plaintiff's efforts, Defendants have sent Plaintiff correspondence indicating their intent to continue publishing the inaccurate information and Defendants continue to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.  Defendants have repeatedly published and disseminated consumer reports to such third parties from at least November 2025 through the present.

19. Despite Plaintiff's efforts, Defendants have never:  (1) contacted Plaintiff to follow up on, verify and/or elicit more specific information about Plaintiff's disputes; (2) contacted all third parties that would have relevant information concerning Plaintiff's disputes; (3) forwarded any relevant information concerning Plaintiff's disputes to the entities originally furnishing the inaccurate information; and (4) requested or obtained any credit applications, or other relevant documents from the entities furnishing the inaccurate information.

20. Despite Plaintiff's efforts, Defendants have refused to block the Fraudulent Charges.

21. Despite Plaintiff's exhaustive efforts to date, Defendants nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable reinvestigations of the above disputes as required by the FCRA, have failed to remove the inaccurate information, and have continued to report the derogatory inaccurate information about the Plaintiff.

22. As of result of Defendants' conduct, Plaintiff has suffered actual damages in the form of lost credit opportunities, harm to credit reputation and credit score, and emotional distress, including humiliation and embarrassment.

23. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

24. At all times pertinent hereto, the conduct of the Defendants, as well as that of their agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal laws and the rights of the Plaintiff herein.

**COUNT ONE – VIOLATIONS OF THE FCRA**
**(Plaintiff v. Trans Union, Experian and Equifax)**

25. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

26. At all times pertinent hereto, Trans Union, Experian, and Equifax were each a "person" and a "consumer reporting agency" as those terms are defined by 15 U.S.C. §§ 1681a(b) and (f).

27. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

28. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

29. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Trans Union, Experian and Equifax are liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency in violation of:

(a) 15 U.S.C. §1681c-2 by failing to block disputed information that was reported due to identity theft;

(b) 15 U.S.C. §1681e(b) by not following reasonable procedures to ensure their credit reports meet the standard of "maximum possible accuracy;" and

(c) 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit file after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations and by failing to have reasonable procedures to filter and verify disputed information in Plaintiff's credit file.

30. The conduct of Trans Union, Experian, and Equifax was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Trans Union, Experian and Equifax are liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorney's fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## JURY TRIAL DEMANDED

31. Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants, based on the following requested relief:

(a)  Actual damages;

(b)  Statutory damages;

(c )  Punitive damages;

(d)  Costs and reasonable attorney's fees; and

(e)  Such other and further relief as may be necessary, just and proper.

**FRANCIS MAILMAN SOUMILAS, P.C.**

BY:  */s/ Mark D. Mailman*
Mark D. Mailman, Esquire
Joseph L. Gentilcore, Esquire
1600 Market Street, Suite 2510
Philadelphia, PA 19103
T: (215) 735-8600
F: (215) 940-8000
mmailman@consumerlawfirm.com
jgentilcore@consumerlawfirm.com

Dated: February 5, 2026              *Attorneys for Plaintiff*